Hillsborough,
No. 5160.

FIDELITY & CASUALTY COMPANY

*v.*

ROBERT E. LEPAGE *& a.*

Argued February 4, 1964.
Decided April 24, 1964.

328

*Booth, Wadleigh, Langdell, Starr & Peters* and *Robert F. McGinnis* (*Mr. McGinnis* orally), for the plaintiff.

*Broderick, Craig & Bourque* (by brief) for the claimants Gerald Labrie, adm'r of the estate of Anthony Labrie, and Patrick Cassidy, adm'r of the estate of Roland Cassidy.

KENISON, C.J. A bill of interpleader is a proper and appropriate remedy to pursue where the insurance proceeds are inadequate to satisfy pending claims. It enables a liability insurer to effect a ratable allocation of the proceeds of its policy among all the claimants in order to avoid any contention of negligence, bad faith or preferential treatment on its part in making a settlement with any of the claimants. *Travelers Ind. Co.* v. *N. E. Box Co.*, 102 N. H. 380, 387; Keeton, Preferential Settlement of Liability-Insurance Claims, 70 Harv. L. Rev. 27, 40 (1956).

The claimants now concede they have no valid claim for interest because the liability insurer has either paid the agreed allocation to the parties or deposited the amounts in court. *Powell* v. *T.A. & C. Taxi Co.*, 104 N. H. 428. While no formal decree was made, the allocation received the implied sanction of the Trial Court and is binding on all of the parties. *Burtman* v. *Butman*, 94 N. H. 412, 415. This leaves only the question whether the claimants are entitled to costs.

Taxable costs in this jurisdiction are a combination of ancient history, ancient statutes and anachronisms. RSA ch. 525. The need for overhaul is long overdue. Abbey, Taxation of Costs in New Hampshire, 5 N. H. Bar J. 114 (1963). In 1842, in 1935 and in 1964 provisions for counsel fees allowable as taxable costs have been and continue to be totally unrealistic. RSA 525:13. As McCormick pointed out in 1935, exclamation point included: "In New Hampshire, counsel fees may be taxed in the sum of $1!" McCormick, Damages 236 (1935). *Jacques* v. *Company*, 78 N. H. 248. Although taxable costs are a small item, the claimants insist on their right to collect them in this case. The fact that the costs may exceed the policy limit is immaterial. *Powell* v. *T.A. & C. Taxi Co., supra.*

Of course the parties by agreement or stipulation may settle a claim for a definite amount which is in effect a waiver of costs. But there is no waiver in the present case and the claimants are entitled to them whatever their amount may be. The claimants are prevailing parties within the meaning of RSA 525:1 and upon judgment are entitled to recover their taxable costs in the law actions brought against the plaintiff's assured. See *Bean* v. *Brackett*, 35 N. H. 88; Annot. 76 A.L.R. 2d 983, 995 (*s.* 8). Note, Use of Taxable Costs to Regulate the Conduct of Litigants, 53 Colum. L. Rev. 78 (1953).

*Remanded.*

All concurred.